The next case this morning is 520201 people versus Skinner. Arguing for the appellant Larry Skinner is Christopher Bendick. Arguing for the appellate people of the state of Illinois is Adam Trejo. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Morning, counsel. Morning, your honor. Good morning, everybody. I apologize I don't have a robe, but I'm in downtown Chicago helping with the new judge orientation. So thankfully, via Zoom, I could be a part and participate today. So Mr. Bendick, are you ready to proceed? I am. And if you see my wife at that new training, say hello to her as well. I'll look for her later then. May it please the court. Good morning, your honor's counsel. My name is Chris Bendick from the Office of the State Appellate Defender. And I represent the appellant Larry Skinner. As an initial matter, and unless this court has any questions as to the sentencing issue, Larry rests on the arguments made in briefing as to that issue. Turning to the Fourth Amendment issue, Inspector Bailey's search warrant complaint for Larry's house relied upon stale information from two confidential sources. The rest of the complaint included innocuous facts insufficient to support a finding of probable cause that evidence of possession of a controlled substance with the intent to deliver will be found on September 27th in Larry's house. Where that probable cause was lacking, the trial court erred in denying Larry's motion to quash the warrant and suppress evidence. As the good faith exception cannot save the lack of probable cause, this court should reverse the trial court's ruling as well as Larry's conviction. Beginning with the governing standards, in order to find a probable cause in a warrant that seeks to search constitutionally protected places like one's home, a magistrate judge must determine whether a substantial basis for probable cause exists in the warrant application. The totality of the facts and circumstances before the magistrate must be sufficient to allow a person of reasonable caution to believe that an offense has occurred  Importantly, the grounds offered to obtain a search warrant must be a fact so closely related to the time of the warrant's issuance as to justify a finding of probable cause at that time. Thus, what is necessary for probable cause to be demonstrated is the belief supported by evidence that particular drugs will be found at a particular location at a particular time. And to make that demonstration, the level of detail contained in a warrant complaint heavily matters. Mere conclusory allegations of a police officer or an informant without factual support do not provide magistrates with enough information upon which to make an independent determination. With those standards in mind, Inspector Bailey's complaint for a search warrant of Larry's house bails to meet those burdens. Bailey's complaint is utterly devoid of any dates or times for his interaction with confidential source 18. Another inspector's interaction with confidential source 15 is similarly lacking any details. Not only did Bailey fail to include any details as to law enforcement's interaction with the two sources, the sources allegations as to Larry's activities are also devoid of any dates, times, or corroborating details. As for what is contained in the complaint, confidential source 15 only told Inspector Nation that Larry was selling methamphetamine, but not that any sales occurred at the targeted address. And while Bailey claimed confidential source 18 told him that Larry was selling methamphetamine out of his house, this claim lacks any detail as to how the source knew this information or any corroborating details for the magistrate judge. Further, each of these sources' bare bones claims are related in the past and not present tense. The doctrine of staleness prevents law enforcement from relying upon old or outdated information in establishing probable cause. Where simply no information is provided regarding when an activity took place, no court is able to conduct a staleness analysis. And under these circumstances, it is difficult to ascribe any probative value to the allegations. In several similar cases, the lack of temporal specificity in the warrant complaint led the appellate court to find no probable cause for issuing the warrant. It's in people v. Galarraza, people v. Damien, and people v. Holmes. In Galarraza, there was no information when the crime was committed, such that evidence could reasonably expected to remain in the residence. There, the officer's affidavit relied upon a source who approached the officer and said some criminal activity occurred, quote, two days ago, but lacked any detail as to when those two days were from. Now, the state argues that this Galarraza is distinguishable. However, the only thing that's distinguishable from the instant case is how much more detail was present in the four-page warrant complaint in Galarraza, and yet the appellate court still found probable cause lacking there. There, there's a detailed paragraph from the confidential source as to going to a specific address, going into the bedroom with supposedly Galarraza and seeing multiple lines of cocaine and six other big balls of cocaine in a plastic wrapping. Compare that to what we have here. We have a simple line of was selling methamphetamine. There's absolutely no corroborating detail as to the confidential sources claims here. In Holmes, the viewing court refused to consider undated info as occurring presently. The court there stated, to make an inference that the undated information speaks as of a date close to that of the affidavit, and that therefore the undated observation made on the strength of such information must speak of an even more recent date, would be to open the door to the unsupervised issuance of search warrants on the basis of aging information. Thus, authority demonstrates the further details cannot support a finding of probable cause here. Similarly, the innocuous claim of the three plastic bags found in the trash bowl fails to meet the probable cause standard either. Inspector Bailey provided no assertion or facts in the complaint to demonstrate for the issuing judge that the plastic bags were in such a state as indicative of meth distribution. Nor did Bailey testify in front of the magistrate judge that these items would be such, uh, would be indicative of such a thing. Finally, there was no indication of any narcotics on any of the baggies. Well, the bags didn't have the corners cut off? Yes, your honor. So you don't look in the bag for that anyhow. You'd always look in the corners when you find it. Yes, and your honor, there was one cut off corner that was also in the trash bowl that had no narcotics on it, and there was no evidence of any narcotics in the rest of the four large trash bags that were pulled apparently from Larry's property. This is, this was it. This was all that was found in four big trash bags, uh, is three plastic bags with corners cut off and then one tied off plastic baggie with no residue in it whatsoever. Um, we have no indication that the confidential sources testified in front of the magistrate judge, nor did the inspector to provide any sort of corroborating information as to these plastic bags. Um, the state's common knowledge argument, uh, as to the trial court, uh, assuming that these plastic bags were indicative of possession with controlled substance, uh, is plainly rebutted by its own authority in Hughes and Ward. We are stuck with the four corners of the warrant complaint or a testifying person, uh, in front of the magistrate judge here, we have neither. And because of that, the state's, uh, warrant lacked probable cause it was a bare bones affidavit. Um, and, and finally the state's own out of state authority in Bordner demonstrates why there was probable cause lacking here. I mean, I point this court to the amount of detail as to methamphetamine, uh, cooking in that case and compare it to what was in the warrant complaint here. And it just is clear at this point that there was not probable cause to issue this warrant. The trial court erred in denying Larry's motion to quash the warrant and suppress the evidence and Larry's conviction should be reversed and he should be released immediately. Um, if this court has no further questions as to the fourth amendment issue or the sentencing issues, we reserve the remainder of our time for rebuttal and we thank you for your time. Your honors. Well, thank you. Justice Welch or justice more. Do you have any questions at this time? I do not. No questions. Okay. Uh, again, thank you. Counsel. Obviously you'll have your time for rebuttal. Um, Mr. Trejo go right ahead. Yes, ma'am. Please. The court counsel, Adam Trejo on behalf of the people of the state of Illinois. Now defendant first argues that the trial court erred and denying defendants motion to cross search warrant and suppress evidence. And in making that argument, he, uh, isolates, uh, a few pieces of information and the case law States that were the only issues where the complaint and supporting affidavit establishes probable cause. Um, this court, uh, merely ensures that there's a substantial, that the magistrate judge had a substantial basis for concluding that probable cause existed. And of course, it's not, uh, information that proves definite guilty beyond a reasonable doubt. It's, uh, it concerns the proper, the probability of evidence of criminal activity and, uh, defendant, uh, in his argument, uh, points out information from two confidential sources. But as the record shows the trial court acknowledged that if the only information in the affidavit concerned, uh, information from these two informants who said at some point, the defendant was, uh, selling, uh, methamphetamine from his house, then the warrant, uh, wouldn't, uh, pass mustard. However, there's other, and that information was included officer included it to provide context for the investigation that they conducted, which was the, uh, trash pool ordinarily officers don't go, uh, to individuals houses and going into their trash. So clearly they, uh, the officer needed, uh, some sort of groundwork to say, this is the context. And this is why we went to the defendant's house now on appeal. And at the trial level, uh, defendant never argued that the, um, um, evidence or contents from the trash can were stale, never argued that that wasn't his never argued that, uh, he didn't have a possession of that trash. And within that trash that the, um, officers pulled one day before the procurement and execution of the search warrant. So we have a date one day before the officers asking for defendant's residence. And inside that, uh, that trash can, they find three manipulated plastic bags. Two of them have both corners cut off and another one has just one cut off. Uh, and we have also another knotted, uh, bag within that trash can now defendant fails off, um, opposing council fails to acknowledge that other information was submitted to the, uh, to the judge, namely the criminal history. And it's the state's contention that, uh, a defendant's criminal background informs the probable cause analysis. And here the issue and judge was informed that he had four convictions for dangerous drugs, one, including possession for methamphetamine. Not only that, uh, the, the officer Bailey also searched the secretary of state and discovered that another individual named Carrie Skinner had a vehicle registered at the defendant's address. And what do you know that, uh, officer searched that individual's, uh, criminal background and also discovered, um, a conviction, a similar conviction for, uh, possessing controlled substances. So here we have an individual who has a track record, a criminal background in conjunction with manipulated baggies. And the case law is clear that a judge asked to issue a search warrant may draw reasonable inferences from the material supplied. And although it may not be easy to determine when an affidavit demonstrates probable cause doubtful or marginal marginal cases are largely resolved by resorting to the preferences according to warrants. So in this case, the issuing issuing judge determined that there was, uh, that there was an inference that this individual who had already convictions for possession of methamphetamine was continuing to do so, uh, as evidenced by the manipulated baggies. Defendant is asking this court, uh, or for the judge to discard common common sense. This, uh, defendant given his background was not, uh, I seen, uh, cupcakes. He wasn't, uh, put in a bakery, the magistrate and this judge, uh, correctly made the inference, which was in his own authority to do, uh, an inference that there was, um, a probable certainty that, um, evidence of drugs would be found in his residence. Now, assuming this court disagrees and determines that the information wasn't sufficient to establish probable cause, then the exclusionary rule does not apply, uh, because the good faith exception, uh, the officers operated in good faith. The exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges. So if there is an error, the error is here with the judge and not the police. As, uh, as the state noted in its brief, the police, uh, searched the secretary of state, uh, for records of the defendant searches, criminal history, um, went, uh, went and determined that a water bill was addressed to the defendants. Uh, one day before, um, the execution of the search warrant, they went to his house and conducted the trash pool. They discovered photographs of the defendants, a letter from the department of revenue addressed to the defendants and all, and, uh, and of course, the corner baggies, they, um, they compiled all this information and submitted it to the judge and the judge made the determination. And it was, uh, the officer's, um, reliance on the judge's determination of probable cause, which is why they executed the search warrant. There is no police misconduct in this case. The, the officers, um, executed the search warrant in good faith and they didn't, um, they didn't misinform the judge. They, and they, uh, wrote down everything that they knew at that time, including the fact that the informants were, were felons. If there are no questions, the state, um, relies on the points raised here at our argument and within its brief and respectfully requested this honorable court affirm a defendant's conviction and sentence. Thank you, counsel. Before we let you go, justice Welch or justice. No questions. No questions. Okay. Uh, again, thank you, counsel. Uh, Mr. Bending, go right ahead with your rebuttal. You're on mute. That's three now. No worries. I get the five minutes though. All right, there we go. Um, and thank you, your honors. Um, and just quickly here in rebuttal as to the state's good faith, exception arguments, that's plainly rebutted by controlling authority. Um, we've thoroughly explained that in the briefs, but the quote from case law is the good faith exception does not apply to a search warrant that is based on a bare bones affidavit. The good faith exception does not apply for a search warrant issue without probable cause. And it's from the United States v Leon United States Supreme Court case from 1984. The state is simply incorrect that the good faith exception could apply in this instance. Um, turning to the state's common knowledge argument as to the plastic baggies, apparently being indicative of possession with a controlled substance with the intent to deliver the state's own authority rebutts that Hughes and Warb make that clear that if the state had wanted to make that point, it needed to put that either in the warrant complaint that in the officer's knowledge, these are indicative of, um, possession with a controlled substance or methamphetamine distribution, what have you, but it needed to either be in the warrant complaint or testimony needed to be presented on that. Neither are present or neither is present here. And because of that, the search warrant complaint lacked probable cause. And therefore the trial court erred in denying Larry's motion to quash the warrant and suppress the evidence. Um, and finally, just in relation to, um, Larry's background and his spouse's, um, prior conviction, um, the, the one felony conviction related to math, uh, interestingly it's from 2005. And so who knows regarding these confidential informants when they're saying was selling that could have been 13 years ago. And that's, that's why we don't allow allegations that don't have a date tethering to the instant, uh, offense to be used to determine probable cause. That's why people be Jones makes that clear that when we don't have that information, it just simply cannot be part of the probable cause analysis. And with that, your honors, if you have no further questions, um, we rest on the arguments made here and in the briefs, and we thank you for your time. Uh, uh, thank you. Well, thank you counsel. Um, justice Welch or justice Moore. Do you have any final questions? None. No questions. All right. Well, counsel, thank you. Uh, obviously we'll take the matter under advisement. We will issue a ruling in due course.